```
                UNITED STATES DISTRICT COURT
                         FOR THE
                    DISTRICT OF VERMONT


David V. Webber,                :
Zola Bernstein,                 :
        Plaintiffs,             :
                                :
        v.                      :      File No. 1:08-CV-89
                                :
Bryan Quatrini,                 :
        Defendant.              :
```

OPINION AND ORDER
(Papers 1 and 4)

Plaintiffs David Webber and Zola Bernstein, each proceeding *pro se*, have requested leave to file two separate but related actions *in forma pauperis*. The first action is an eviction complaint that the plaintiffs seek to remove from state court pursuant to 28 U.S.C. § 1441 *et seq*. The second action is set forth in an original complaint ("federal complaint") brought by the plaintiffs against their landlord, Byron Quatrini. The complaint claims retaliation, harassment, and violations of the Americans with Disabilities Act ("ADA").

Because the plaintiffs have made the showing required under 28 U.S.C. § 1915 for *in forma pauperis* status, their motions are GRANTED. However, as explained below, this Court has no subject matter jurisdiction over their claims. Accordingly, the state court case is REMANDED, and the plaintiffs' complaint is DISMISSED without prejudice.

1

Factual Background

The plaintiffs have lived for over one year in a St. Johnsbury apartment owned by Quatrini. On March 7, 2008, Quatrini filed an eviction action against them in Caledonia Superior Court. The plaintiffs now seek to remove the eviction to this Court.

The plaintiffs have also filed, under the same docket number, a federal complaint alleging that Quatrini engaged in wrongful acts against them. Specifically, they allege that he has failed to make needed repairs, such as providing proper lighting in hallways. Because plaintiff Bernstein has poor eyesight, the federal complaint charges that Quatrini's failure to fix the lights violates the ADA. The complaint further alleges that Quatrini makes inappropriate comments to the plaintiffs' friends, eavesdrops on their conversations, and has used his influence as a selectman to have police harass and intimidate them. The federal complaint asks for injunctive and monetary relief.

Discussion

Although the plaintiffs seek to remove the eviction action to this Court, they do not explain the basis for the Court's jurisdiction over an eviction. Title 28 U.S.C. § 1441 authorizes the removal of civil actions from state court to

federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court.  28 U.S.C. § 1441(a).  Landlord-tenant relations are a matter for the state courts.  See McAllan v. Malatzky, 1998 WL 24369, at *2-3 (S.D.N.Y. Jan. 22, 1998) (no subject matter jurisdiction where plaintiff attempted to recloak his charges regarding a state housing court matter as a violation of his constitutional rights), aff'd, 173 F.3d 845 (table) (2d Cir. 1999); DiNapoli v. DiNapoli, 1995 WL 555740, at *1 (S.D.N.Y. Sept. 19, 1995) (federal courts do not have subject matter jurisdiction over landlord-tenant matters); Chiania v. Broadmoor Assocs., 1994 WL 30412, at *1 (S.D.N.Y. Feb.2, 1994) (finding no subject matter jurisdiction over landlord-tenant matters).  Therefore, the eviction action standing alone cannot be removed to federal court.

Even when the eviction action is viewed in conjunction with the plaintiffs' federal complaint, there is no jurisdiction here.  If the Court were to construe the federal complaint as a form of counterclaim, the existence of an ADA or other federal claim still would not authorize removal. Indeed, it well established that a federal law issue raised by a counterclaim is not sufficient for removal of a case from state to federal court.  See Beneficial Nat'l Bank v.

3

Anderson, 539 U.S. 1, 6 (2003); Holmes Group Inc. v. Vornado Air, 535 U.S. 826, 831 (2002).

The Second Circuit has held that removal statutes are to be strictly construed, Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991), and that doubts as to the existence of federal jurisdiction are to be resolved in favor of state court jurisdiction, Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273 (2d Cir. 1994).  Here, it is clear this Court has no subject matter jurisdiction over the parties' eviction proceeding, and that the action must therefore be REMANDED to state court.

With respect to the plaintiffs' proposed federal complaint, the Court again has no subject matter jurisdiction to hear those claims.  The bulk of those claims pertain to landlord-tenant issues that are purely matters of state law. Although the plaintiffs' federal complaint refers to the ADA, there is no indication in it that the plaintiff's private landlord would have any liability under the ADA.  See 42 U.S.C. § 12181; Reid v. Zackenbaum, 2005 WL 1993394, at *4 (E.D.N.Y. Aug. 17, 2005) ("A residential facility, such as an apartment, is not a public accommodation under the ADA.") (citations omitted).  The plaintiffs raise one other claim pertaining to police harassment, but that claim is fully set

4

forth in a separate action.  See Webber v. Town of St. Johnsbury Police Dep't, File No. 1:08-CV-90.

Without a viable federal claim, the federal complaint is DISMISSED without prejudice.  If the plaintiffs so desire, they may re-file their action in state court.  See 28 U.S.C. § 1915(e)(2) (court must screen *in forma pauperis* complaint to ensure that it has a legal basis); United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props., Meriden Square, 30 F.3d 298 (2d Cir. 1994) (subject matter jurisdiction may be raised *sua sponte* at any stage in proceeding); Fed. R. Civ. P. 12(h)(3) (dismissal for lack of jurisdiction is mandatory).

## Conclusion

For the reasons set forth above, the plaintiffs' motions for leave to proceed *in forma pauperis* (Papers 1 and 4) are GRANTED, the parties' state court case is summarily REMANDED to Caledonia Superior Court, and the plaintiffs' proposed federal complaint is DISMISSED without prejudice.

Dated at Brattleboro, in the District of Vermont, this 24th day of April, 2008.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge